VAN VLECK & TURNER LLP
Brian F. Van Vleck (SBN 155250)
E-Mail:  bvanvleck@vvlawgroup.com
Daniel J. Turner (SBN 207654)
E-Mail:  dturner@vvlawgroup.com
Stuart H. Kluft (SBN 315081)
E-Mail:  skluft@vvlawgroup.com
5757 Wilshire Blvd., Suite 535
Los Angeles, CA 90036
Telephone:   (323) 920-0250
Facsimile:    (323) 920-0249

Attorneys for Defendant
Lincare Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTELMA CHAVEZ,<br><br>           Plaintiffs,<br><br>     v.<br><br>LINCARE INC., LINCARE HOLDINGS INC., LINDCARE A LINDE COMPANY and LINDE; and DOES 1 through 100, inclusive;<br><br>           Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF DEFENDANT LINCARE INC. PURSUANT TO 28 U.S.C SECTIONS 1332, 1441, 1446**<br><br>**[DIVERSITY OF CITIZENSHIP]**<br><br>(Ventura County Superior Court, Case No. 56-2020-00545334-CU-WT-VTA<br><br>Complaint Filed:  September 15, 2020<br>Trial Date:       None set |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF ANTELMA CHAVEZ:**

**PLEASE TAKE NOTICE** that Defendant Lincare Inc. ("Lincare") files this notice of removal pursuant to 28 U.S.C. Sections 1332 and 1141(a) and (b), based on diversity of citizenship, in order to effect the removal of the above-captioned action from the Superior Court for the County of Ventura to the United States District Court for the Central District of California, and states that removal is proper for the following reasons:

## I.   BACKGROUND

1.    On **September 15, 2020**, Plaintiff Antelma Chavez ("Plaintiff") filed a Complaint in the Superior Court of California for the County of Ventura, entitled "Antelma Chavez, Plaintiff, vs. Lincare Inc.; Lincare Holdings, Inc.; Lindcare A Linde Company; Linde and DOES 1 through 100, Inclusive, Defendants," Case No. 56-2020-00545334-CU-WT-VTA (the "Complaint").  The Complaint alleges five causes of action for:  (1) "Perceived and/or Physical Disability Harassment, Discrimination and Retaliation in Violation of California Government Code Sections 12940 et. seq. [FEHA];" (2) "Perceived and/or Mental Disability Harassment, Discrimination and Retaliation in Violation of California Government Code Section 12940 et. seq. [FEHA];" (3) "Harassment Discrimination and Retaliation in Violation of California Government Code Sections 12945.2 et. seq. [CFRA];" (4) "Wrongful Termination in Violation of Public Policy;" and (5) "Declaratory Relief."

2.    On **October 8, 2020**, Lincare's registered agent for service of process in California – CT Corporation – received, via process server, the "Summons, Notice, Cover Sheet, Complaint, Exhibits."  A true and correct copy of the packet received by Lincare's process server is attached hereto as **Exhibit 1.**

3.    On **November 4, 2020**, Lincare timely filed its Answer to Plaintiff's Complaint in Ventura County Superior Court.  A true and correct copy of Lincare's Answer to Plaintiff's Complaint is attached hereto as **Exhibit 2.**

1

## II.   TIMELINESS OF REMOVAL

4.     The time for filing a Notice of Removal does not begin to run until a party has been formally served with the Summons and Complaint under applicable state law "setting forth the claim for relief upon which such action or proceeding is based, or, if the case stated by the initial pleading is not removable," after receipt of any "other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. Section 1446; *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that a "named defendant's time to remove is triggered by simultaneous service of the summons and complaint").

5.     This Notice of Removal is timely because it is being filed within thirty (30) days of Lincare's receipt of the Summons and Complaint on October 8, 2020, and within one (1) year of the commencement of this action.  28 U.S.C. Sections 1446(b); 1446(c); *see also Murphy Bros.*, 526 U.S. at 344.[1]

## III.   PROCEEDINGS IN STATE COURT

6.     As of the date of filing this Notice of Removal, there is a Case Management Conference scheduled for June 30, 2021 in Ventura County Superior Court.  Attached **Exhibits 1 and 2** constitute all of the pleadings in the Ventura County Superior Court's record that have been served on Lincare, filed by Lincare, or retrieved from the Court's records prior to the filing of this Notice of Removal.  (Declaration of Daniel J. Turner in Support of Lincare's Notice of Removal ("Turner Decl.") at 3).

## IV.   JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

7.     The Court has original jurisdiction of this action under 28 U.S.C. Section 1332(a)(1).  As set forth below, this action is removable pursuant to provisions of 28

---

[1]  The service of process which triggers the 30-day period to remove is governed by state law.  *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 210 (5th Cir. 2005 ("Although federal law requires the defendant to file a removal motion within thirty days of service, the term 'service of process' is defined by state law.").

U.S.C. Section 1441(a) as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

**A. Plaintiff Is A Citizen Of California.**

8. Plaintiff is and, at all times since the commencement of this action has been, a resident and citizen of the State of California. The Complaint alleges that, Plaintiff "was and now is, an individual residing in the County of Ventura, State of California." (Complaint at ¶ 1). For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

9. Lincare's review of Plaintiff's personnel file and personnel-related documents reveals that Plaintiff resided in Ventura, California during her employment. (Declaration of Paula Adams in Support of Lincare Inc.'s Notice of Removal ("Adams Decl.") at ¶ 4). Plaintiff, therefore, is, and at all times since the commencement of this action has been, a resident and citizen of the State of California.

**B. Lincare Is Not A Citizen Of California**

10. Lincare is now and, was at the time of the filing of this action, a citizen of a State other than California within the meaning of 28 U.S.C. Section 1332(c)(1). For diversity purposes, "a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its "principal place of business." *Davis v. HSBC Bank Nevada*, N.A., 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. Section 1332(c)(1)).

11. The United States Supreme Court held that when determining a corporation's principal place of business for diversity purposes, the appropriate test is the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-93 (2010). Under the

LINCARE INC.'S NOTICE OF REMOVAL

"nerve center" test, the "principal place of business" means the corporate headquarters where a corporation's high level officers, direct, control and coordinate its activities on a day-to-day basis. *Id.* ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities.").

12.     Lincare is now, and has ever since this action commenced has been, incorporated under the laws of the State of Delaware, with its principle place of business in Clearwater, Florida. (Adams Decl. at ¶ 3). Clearwater, Florida is the site of Lincare's corporate headquarters and executive offices, where its high level officers direct, control, and coordinate Lincare's activities. (*Id.*) Furthermore, many of Lincare's executive and administrative functions, are directed from Clearwater, Florida. (*Id.*) Accordingly, Lincare's principal place of business is Clearwater, Florida under the "nerve center" test.

13.     Therefore, for diversity of citizenship purposes, Lincare is, and has been at all times since this action commenced, a citizen of the State of Delaware (place of incorporation) and the State of Florida (under the "nerve center" test). 28 U.S.C. Section 1332(c).

### C. **DOE Defendants May Be Disregarded**

14.     Pursuant to 28 U.S.C. Section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. Section 1332. *Fristoe v. Reynolds Metals, Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of DOE defendants, 1-100, does not deprive this Court of jurisdiction.

## V.     **AMOUNT IN CONTROVERSY**

15.     While Lincare denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. *See Sanchez v. Monumental Life Ins.*,

1   102 F.3d 398, 403-404 (9th Cir. 1996) ("[T]he defendant must provide evidence
2   establishing that it is 'more likely than not' that the amount in controversy exceeds [the
3   threshold] amount.") (internal quotations and citations omitted).

4       16.     As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the
5   removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co*.,
6   372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented
7   in the removal petition).  When the amount in controversy is not apparent from the face
8   of the complaint, a defendant may state underlying facts supporting its assertion that the
9   amount in controversy exceeds the jurisdictional threshold.  *Gaus v. Miles, Inc.*, 980 F.2d
10  564, 566-67 (9th Cir. 1992).

11      17.     In determining the amount in controversy, the Court must consider the
12  aggregate of general damages, special damages, punitive damages, and attorneys' fees.
13  *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory
14  attorneys' fees to be included in amount in controversy, regardless of whether such an
15  award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident
16  Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account
17  where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indemnity
18  Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims
19  for general and special damages, including attorneys' fees and punitive damages).

20      18.     Here, considered together, the general and special damages sought by
21  Plaintiff, along with the attorneys' fees and punitive damages that might be awarded if
22  Plaintiff prevails, establish by a preponderance of the evidence that the amount in
23  controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C.
24  § 1332(a).

25

26

27

28

A. **Plaintiff's Claims Exceed $75,000[2]**

19.   The amount in controversy requirement is satisfied because "it is more likely than not" that it exceeds the jurisdictional minimum based on the allegations in Plaintiff's Complaint.  *See Sanchez*, 102 F.3d at 404 ("the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount.") (internal citation omitted).

20.   Plaintiff's Complaint alleges, among other things, discrimination, harassment, retaliation, and wrongful termination in violation of public policy.  Plaintiff claims damages for economic, general, and special damages, including, but not limited to, substantial losses in earnings, emotional distress, punitive damages, and attorneys' fees and costs.  (Complaint, Prayer for Relief, at 1, 3-5, 7 and 9).  Plaintiff also claims damages for interest.  (*Id.* at Prayer for Relief at 8).  Thus, it is more likely than not that the amount in controversy exceeds $75,000.

B. **Compensatory Damages**

21.   Plaintiff was employed as a Customer Service Representative ("CSR") from "early 2017" until December 18, 2018.  (Complaint at ¶¶ 8-9).  As a result of the alleged discrimination, retaliation, harassment, and wrongful termination, Plaintiff alleges that she has "been directly and legally caused to suffer actual damages . . . including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained."  (*Id.* at ¶ 33).

22.   At the time of her termination, Plaintiff earned approximately $1,280.00 on a bi-weekly basis as she was a full-time employee making $16.00 per hour.  (Adams Decl. at ¶ 2).  Given that Plaintiff alleges that she was wrongfully terminated in

---

[2]   Lincare's assertion that the amount in controversy exceeds $75,000 *is not* an admission that Plaintiff is entitled to any damages.  Lincare denies that Plaintiff is entitled to or will recover any damages in this matter.

December 2018, she has already incurred *almost two years* of lost compensation to date. Plaintiff's approximate annual income would be at approximately $33,000 based on the calculation of $1,280 (bi-weekly pay check) x 26 pay periods per year. Accordingly, as of the date of removal, Plaintiff has already incurred approximately $60,000 in lost compensation (bi-weekly pay x 23 months).

23.     Assuming this matter goes to trial one year after its September 15, 2020 filing date, and Plaintiff remains unemployed for a total of 33 months, Plaintiff's lost income would equal approximately $84,000. This amount of lost income combined with Plaintiff's other alleged damages, including emotional distress damages and attorneys' fees, establishes that the amount in controversy easily exceeds $75,000.

24.     Additionally, should Plaintiff prevail at trial, it is more likely than not that she would recover over $75,000 in damages as there have been, in recent years, several verdicts in discrimination and retaliation cases entered in favor of plaintiffs in California where the awarded damages exceeded $75,000. *See Minakshi Jafa-Bodden v. Bikram Choudhury*, 2016 WL 1260926 (L.A. Sup. Ct.) (award of $7,300,000 to employee who alleged gender discrimination, sexual harassment and retaliatory discrimination of plaintiff's rights under FEHA against employer); *Olvera v. Sangha Dhindsa Foods, Inc.*, 2016 WL 7034155 (San Bernardino County Sup. Ct.) (award of $145,500 to employee who alleged causes of action for sex discrimination, retaliation and wrongful termination against employer); *Torres v. B.E. Aerospace, Inc.* 2016 WL 3552983 (L.A. County Sup. Ct.) (award of $8,516,000 to employee who alleged causes of action for gender discrimination, age discrimination, and wrongful termination against employer); *Benson v. Proskauer Rose LLP*, 20009 WL 2989442 (L.A. County Sup. Ct.) (award of $200,000 to employee who alleged sexual harassment, failure to prevent harassment, retaliation and termination based on gender); *Kelley v. Merle Norman Cosmetics*, 2013 WL 1898806 (L.A. County Sup. Ct.) (award of $1,055,236 to employee who alleged sexual harassment

1   and discrimination against employer along with wrongful termination and intentional

2   infliction of emotional distress).

3      25.    As alleged in the Complaint, Plaintiff's claims that she was harassed,

4   discriminated against and discharged are similar to the issues in these cases.  Lincare has

5   attached these verdicts as **Exhibit A** to the concurrently filed Turner Declaration for the

6   Court's review.

7      C. <u>Emotional Distress Damages</u>

8      26.    Plaintiff also claims that Defendant's actions rendered her "sick, sore, lame,

9   disabled, and disordered, both internally and externally" and that she suffered – among

10  other things – "numerous internal injuries, severe fright, shock, pain, discomfort and

11  anxiety." (Complaint at ¶ 34).  A review of jury verdicts in California demonstrates that

12  emotional distress awards in cases involving causes of action similar to the causes of

13  action Plaintiff asserted commonly exceed $75,000.  *See Olvera v. Sangha Dhindsa*

14  *Foods, Inc.* 2016 WL 7034155 (San Bernardino County Sup. Ct.) (award of $116,400 to

15  employee for emotional distress damages who alleged causes of action for gender

16  discrimination, retaliation and wrongful termination against employer); *Wang v. Rees*

17  *Scientific Corporation*, 2014 WL 8108412 (S.F. County Sup. Ct.) (award of $166,302 for

18  emotional distress damages to employee who sued employer for sex and race

19  discrimination in violation of FEHA and wrongful termination); *Bergren v. Fu-Gen, Inc.*,

20  2014 WL 8508668 (L.A. County Sup. Ct.) (award of $97,916 in emotional distress

21  damages to employee who alleged gender discrimination, retaliation, wrongful

22  termination, a hostile work environment, harassment, failure to prevent harassment,

23  discrimination or retaliation, intentional infliction of emotional distress, waiting time

24  penalties, and failure to provide accurate itemized wages statements); *Perry v. Egumball,*

25  *Inc.*, 2015 WL 11197614 (Orange County Superior Ct.) (award of $100,000 in pain and

26  suffering to employee who sued employer for sex discrimination, disability

27

28

LINCARE INC.'S NOTICE OF REMOVAL

1    discrimination, wrongful termination, failure to accommodate and failure to engage in the

2    interactive process).

3          27.      Plaintiff's allegations of emotional distress are similar to the issues raised in

4    these cases.  Lincare has attached these verdicts as **Exhibit B** to the concurrently filed

5    Declaration of Daniel J. Turner for the Court's review.

6          **D. <u>Attorneys' Fees And Costs</u>**

7          28.      Plaintiff also claims that she is entitled to attorneys' fees and costs.

8    (Complaint, Prayer for Relief at 7).  Attorneys' fees are properly considered in

9    calculating the amount in controversy for purposes of removal on grounds of diversity

10    jurisdiction.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims

11    for statutory attorneys' fees to be included in amount in controversy, regardless of

12    whether such an award is discretionary or mandatory).

13          29.      Courts have also awarded far in excess of $75,000 in attorneys' fees in cases

14    involving employment-related claims.  *See, e.g.*, *Wang v. Rees Scientific Corporation*,

15    2014 WL 8108412 (S.F. County Sup. Ct.) (award of $758,148 in attorneys' fees to

16    employee who sued employer for sex and race discrimination in violation of FEHA and

17    wrongful termination); *Bergren v. Fu-Gen, Inc.*, 2014 WL 8508668 (L.A. County Sup.

18    Ct.) (award of $438,430 in attorneys' fees to employee who alleged gender

19    discrimination, retaliation, wrongful termination, a hostile work environment,

20    harassment, failure to prevent harassment, discrimination or retaliation, intentional

21    infliction of emotional distress, waiting time penalties, and failure to provide accurate

22    itemized wage statements).  Lincare has attached these verdicts as **Exhibit C** to the

23    concurrently filed Declaration of Daniel J. Turner for the Court's review.

24          30.      Lincare anticipates depositions being taken in this case, and that ultimately,

25    Lincare will file a Motion for Summary Judgment.  Based on defense counsel's

26    experience, attorneys' fees in employment retaliation and wrongful termination cases

27    often exceed $75,000.  In this regard, it is more likely than not that the fees will exceed

28

$75,000 through discovery and a summary judgment hearing, and the fees would certainly exceed $75,000 if the case proceeds to trial.  (Turner Decl. ¶ 6).

### E. Punitive Damages

31.    Finally, the Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy.  (Complaint at ¶¶ 39, 70, 84, 97, Prayer for Relief at 9).  *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law).  Courts have affirmed jury verdicts exceeding the jurisdictional threshold in punitive damages in alleged discrimination and harassment cases alone.  *See Minakshi Jafa-Bodden v. Bikram Choudhury*, 2016 WL 1260926 (L.A. County Sup. Ct.) (award of $6,055,000 in punitive damages to employee who accused employer of gender discrimination, sexual harassment and retaliatory termination in violation of plaintiff's rights under FEHA); *Torres v. B.E. Aerospace, Inc.* 2016 WL 3552983 (L.A. County Sup. Ct.) (award of $7,000,000 in punitive damages to employee who alleged causes of action for gender discrimination, age discrimination, and wrongful termination against employer).  Lincare has attached these verdicts as **Exhibit D** to the concurrently filed Declaration of Daniel J. Turner for the Court's review.

32.    Based upon the allegations contained in Plaintiff's Complaint, Lincare is informed and believes that Plaintiff seeks damages within the jurisdictional authority of this Court.

33.    Because diversity of citizenship exists between the Plaintiff and Lincare, and the matter in controversy between the parties is in excess of $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. Section 1332(a)(1).  This action is therefore a proper one for removal to this Court.

## VI.   NO JOINDER REQUIRED

34.    Unnamed, or Doe defendants are not required to join in removal.  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 n.1 (9th Cir. 1988) (Doe defendants need not join in removal).

35.    Named defendants who have not been served are not required to join in removal. 28 U.S.C. § 1446(b)(2)(a)(B); *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011).

## VII.   VENUE

36.    Venue lies in the Central District of California pursuant to 28 U.S.C. Sections 1441(a), 1446(a), and 84(c).  This action was originally brought in the Superior Court of the State of California, County of Ventura, which is located within the Central District of the State of California, and Plaintiff alleges she resides in the County of Ventura, California.  (Complaint at ¶ 1).

## VIII.  NOTICE OF REMOVAL

37.    Pursuant to 28 U.S.C. Section 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of Ventura, in the State Court Action.

38.    This Notice of Removal will be served on counsel for Plaintiff.  A copy of the Proof of Service regarding Notice of Removal will be filed shortly after these papers are filed and served.

39.    In compliance with 28 U.S.C. Section 1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached as **Exhibits 1 and 2**.

11

## VIV.  **PRAYER FOR REMOVAL**

40.      WHEREFORE, Lincare prays that this civil action be removed from the Superior Court of the State of California, County of Ventura, to the United States District Court of the Central District of California.

DATED: November 5, 2020                          Respectfully submitted,

VAN VLECK & TURNER LLP


By: /s/ Daniel J. Turner

Daniel J. Turner
Attorneys for Defendant Lincare Inc.

**EXHIBIT 1**

 CT Corporation

**Service of Process Transmittal**
10/08/2020
CT Log Number 538372670

TO: Sheila Kalteux

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

RE: **Process Served in California**

FOR: Lincare Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ANTELMA CHAVEZ, PLTF. vs. LINCARE, INC., ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 56202000545334CUWTVTA |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/08/2020 at 02:24 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/08/2020, Expected Purge Date: 10/13/2020<br><br>Image SOP<br><br>Email Notification, Sheila Kalteux  ▓▓▓▓▓▓▓▓▓▓▓▓<br><br>Email Notification, Paul Tripp  ▓▓▓▓▓▓▓▓▓▓<br><br>Email Notification, John Robertson  ▓▓▓▓▓▓▓▓▓ |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1209 N Orange St<br>Wilmington, DE 19801-1120 |
| **For Questions:** | 866-401-8252<br>▓▓▓▓▓▓▓▓▓▓▓▓ |

Page 1 of 1 / GN

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# PROCESS SERVER DELIVERY DETAILS

**Date:**          Thu, Oct 8, 2020

**Server Name:**   Garo Mardigian

| Entity Served | LINCARE INC. |
|---|---|
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | 56-2020-00545334-CU-WT-VTA |
| Jurisdiction | CA |



**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** LINCARE, INC.; LINCARE HOLDINGS,
*(AVISO AL DEMANDADO):* INC.; LINDCARE A LINDE COMPANY;
LINDE and DOES 1 through 100, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** ANTELMA CHAVEZ,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

Electronically
**FILED**
by Superior Court of California
County of Ventura
09/15/2020
MICHAEL D. PLANET
Executive Officer and Clerk
*Susanna Leon*
Susanna Leon
Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>Superior Court of California, County of Ventura<br>800 South Victoria Avenue<br>Ventura, California  93009 | CASE NUMBER:<br>(Número del Caso):<br>56-2020-00545334-CU-WT-VTA |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Tara Licata, Esq.
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
MANCINI & ASSOCIATES
15303 Ventura Boulevard, Suite 600, Sherman Oaks, CA 91403                (818) 783-5757

| DATE:<br>(Fecha) 09/15/2020 | Michael D. Planet | Clerk, by<br>(Secretario) *Susanna Leon* | , Deputy<br>(Adjunto) |
|---|---|---|---|

*Susanna Leon*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):
3. [X] on behalf of (specify): Lincare,Inc.

under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
       [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

Ventura Superior Court Accepted through eDelivery submitted 09-15-2020 at 10:37:20 AM

TARA J. LICATA, ESQ. (State Bar No.266111)
tlicata@mamlaw.net
PAMELA A. TRIPLETT, ESQ. (State Bar No. 310232)
ptriplett@mamlaw.net
ALEX HADJIAN, Esq., State Bar No. 327534
ahadjian@mamlaw.net
**MANCINI & ASSOCIATES**
A Professional Law Corporation
15303 Ventura Boulevard, Suite 600
Sherman Oaks, CA 91403
(818) 783-5757  Phone
(818) 783-7710  Fax

Attorneys for Plaintiff **ANTELMA CHAVEZ**

**Electronically FILED**
by Superior Court of California
County of Ventura
**09/15/2020**
MICHAEL D. PLANET
Executive Officer and Clerk

Susanne Leon
Susanne Leon
Deputy Clerk

Ventura Superior Court Accepted through eDelivery submitted 09-15-2020 at 10:37:20 AM

CASE #:56-2020-00545334-CU-WT-VTA RECEIPT #: 1200915D33830 DATE PAID : 09/15/20 3:14 PM TOTAL : 435.00 TYPE: EFT

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF VENTURA

| | |
|---|---|
| ANTELMA CHAVEZ, | Case No. **56-2020-00545334-CU-WT-VTA** |
| Plaintiff, | **PLAINTIFF'S COMPLAINT FOR DAMAGES** |
| vs. | |
| LINCARE, INC.; LINCARE HOLDINGS, INC.; LINDCARE A LINDE COMPANY; LINDE and DOES 1 through 100, Inclusive, | **(1)** FOR PERCEIVED AND/OR PHYSICAL DISABILITY HARASSMENT, DISCRIMINATION AND RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §§12940 ET SEQ. [FEHA]; |
| Defendants. | **(2)** FOR PERCEIVED AND/OR MENTAL DISABILITY HARASSMENT, DISCRIMINATION AND RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §§12940 ET SEQ. [FEHA]; |
| | **(3)** FOR HARASSMENT, DISCRIMINATION AND RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §§12945.2 ET SEQ. [CFRA]; |
| | **(4)** FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY |

1

Ventura Superior Court Accepted through eDelivery submitted 09-15-2020 at 10:37:20 AM

CASE #:56-2020-00545334-CU-WT-VTA RECEIPT #: 1200915D33830 DATE PAID : 09/15/20 3:14 PM TOTAL : 435.00 TYPE : EFT

1              )   (5)    **FOR DECLARATORY RELIEF**

2              )

3              )   **JURY TRIAL DEMANDED**

4              )   **UNLIMITED JURISDICTION: CASE VALUE IN EXCESS OF $25,000.00**

5

(lines 6–15 blank)

16      **COMES NOW** Plaintiff **ANTELMA CHAVEZ** (hereinafter referred to as "ARRIETA" or

17 "Plaintiff") and complains against the above-named Defendants and for causes of action against

18 the Defendants, and each of them, alleges as follows:

19                      **I.**

20            **FIRST CAUSE OF ACTION**

21      **(For Perceived and/or Physical Disability**

22     **Harassment, Discrimination and Retaliation in Employment**

23      **[California Government Code §12940 et seq.]**

24    **Against All Defendants and DOES 1 Through 100, Inclusive)**

25      1.     At all times mentioned herein, Plaintiff was, and now is, an individual

26 residing in the County of Ventura, State of California.

27      2.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant

28 herein, Defendant LINCARE, INC.; (hereinafter referred to collectively with all other Defendants

Ventura Superior Court Accepted through eDelivery submitted 09-15-2020 at 10:37:20 AM

CASE #:56-2020-00545334-CU-WT-VTA RECEIPT #: 1200915D33830 DATE PAID : 09/15/20 3:14 PM TOTAL : 435.00 TYPE : EFT

1  as "Defendants") were, and now are, valid businesses of form unknown duly organized and

2  existing under the laws of the State of California, having its principal place of business in the

3  County of Ventura, State of California.

4  　　　3.　　Plaintiff is informed and believes, and thereon alleges, that at all times relevant

5  herein, Defendant LINCARE HOLDINGS, INC. (hereinafter referred to collectively with all other

6  Defendants as "Defendants") were, and now are, valid businesses of form unknown duly organized

7  and existing under the laws of the State of California, having its principal place of business in the

8  County of Ventura, State of California.

9  　　　4.　　Plaintiff is informed and believes, and thereon alleges, that at all times relevant

10  herein, Defendant LINDCARE A LINDE COMPANY (hereinafter referred to collectively with all

11  other Defendants as "Defendants") were, and now are, valid businesses of form unknown duly

12  organized and existing under the laws of the State of California, having its principal place of

13  business in the County of Ventura, State of California.

14  　　　5.　　Plaintiff is informed and believes, and thereon alleges, that at all times relevant

15  herein, Defendant LINDE (hereinafter referred to collectively with all other Defendants as

16  "Defendants") were, and now are, valid businesses of form unknown duly organized and existing

17  under the laws of the State of California, having its principal place of business in the County of

18  Ventura, State of California.

19  　　　6.　　Plaintiff is ignorant of the true names and capacities, whether corporate, associate,

20  successor, alter ego, fictitious, individual or otherwise, of Defendants sued herein as DOES 1 -

21  100, Inclusive, and therefore sues said Defendants, and each of them, by such fictitious names.

22  Plaintiff will seek leave of court to amend this Complaint to assert the true names and capacities of

23  the fictitiously named Defendants when the same have been ascertained. Plaintiff is informed and

24  believes, and thereon alleges, that each Defendant designated as "DOES" herein is legally

25  responsible for the events, happenings, acts, occurrences, indebtedness, damages and liabilities

26  hereinafter alleged and caused injuries and damages proximately thereby to the plaintiff, as

27  hereinafter alleged.

28  / / /

3

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

Ventura Superior Court Accepted through eDelivery submitted 09-15-2020 at 10:37:20 AM

CASE #:56-2020-00545334-CU-WT-VTA RECEIPT #: 1200915D33830 DATE PAID : 09/15/20 3:14 PM TOTAL : 435.00 TYPE : EFT

7.      Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, each Defendant designated, including DOES 1-100, herein was the agent, managing agent, principal, owner, partner, integrated enterprise, subsidiary, wholly owned subsidiary, partially owned subsidiary, joint venturer, joint employer, direct employer, special employer, client employer, labor contractor, alter ego, representative, supervisor, manager, servant, employee and/or co-conspirator of each of the other Defendants, and was at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each Defendant designated herein.

8.      At all times herein mentioned, for over two (2) years until Plaintiff's wrongful termination on or about December 18, 2018, Plaintiff was employed by Defendants and DOES 1 through 100, Inclusive, and each of them, who were also, at all times herein mentioned, Plaintiff's employers, managers and supervisors.

9.      Plaintiff began working for Defendants as a CSR. In or around early 2017, Defendants, and each of them, promoted Plaintiff to Lead CSR.

10.     At all times hereinalleged, Plaintiff had the perceived and/or physical disabilities of back and waist injuries and associated conditions and others.

11.     At all times hereinalleged, Plaintiff had the perceived and/or mental disabilities of anxiety, stress, panic attacks and associated conditions and others.

12.     Beginning in or around October of 2017, Plaintiff developed and/or aggravated and/or sustained perceived and/or physical disabilities of back and waist injuries, due to Plaintiff's work chair.

13.     Plaintiff placed Defendants, and each of them, on notice of Plaintiff's physical disabilities.

14.     Plaintiff made and/or articulated a Worker's Compensation claim(s).

15.     Plaintiff requested and/or was entitled to and/or was granted CFRA and/or other medical and/or other negotiated leave in order to recuperate and heal.

/ / /

4

PLAINTIFF'S COMPLAINT FOR DAMAGES

Ventura Superior Court Accepted through eDelivery submitted 09-15-2020 at 10:37:20 AM

16.     In or around October of 2017, Plaintiff complained to Defendants, and each of them, about her back injuries and disabilities.

17.     In or around March of 2018, Plaintiff complained to Defendants' Office Manager, Matthew Railey that she was suffering from back pain and believed it was due to her work chair and seating arrangement. Office Manager Railey suggested that Plaintiff buy a new chair from Ross and see if the company would reimburse her for it. Subsequently, Defendants, and each of them, agreed to perform an ergonomic evaluation of Plaintiff's chair and work station, but the evaluation never took place.

18.     Beginning in or around September of 2018, Defendants and each of them, gave Plaintiff the additional duty and responsibility of handling the phone conferences.

19.     Beginning in or around September of 2018, and continuing up until her termination, Plaintiff protested and complained to Defendants' District Manager Darren Jones ("Jones") that she was short staffed, needed more help, her work load was too heavy, and she could not handle the phone conferences on top of all her other duties and responsibilities. Defendants, and each of them, and specifically Defendants' Office Manager Latasha Castellanos merely told Plaintiff to 'just give it her best,' and Defendants, and each of them, did nothing to address and/or investigate Plaintiff's complaints.

20.     In or around August of 2018, and continuing, Plaintiff developed and/or aggravated and/or sustained perceived and/or mental disabilities including, but not limited to, anxiety and depression, and associated conditions and others.

21.     Plaintiff placed Defendants, and each of them, on notice of Plaintiff's disabilities.

22.     Plaintiff made and/or articulated a Worker's Compensation claim(s).

23.     Plaintiff requested and/or was entitled to and/or was granted CFRA and/or other medical and/or other negotiated leave in order to recuperate and heal.

24.     In or around October/November of 2018, on approximately four occasions, District Manager Jones and Defendants' Sales Representative Jezrale DOE made jokes in front of Plaintiff about how Defendants' Technician Nathaniel Santos was on Workers' Compensation leave, but was 'probably in the Philippines by now drinking a margarita.'

CASE #:56-2020-00545334-CU-WT-VTA RECEIPT #: 1209915D33830 DATE PAID : 09/15/20 3:14 PM TOTAL : 435.00 TYPE : EFT

5

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

Ventura Superior Court Accepted through eDelivery submitted 09-15-2020 at 10:37:20 AM

CASE #:56-2020-00545334-CU-WT-VTA RECEIPT #: 1200915D33830 DATE PAID : 09/15/20 3:14 PM TOTAL : 435.00 TYPE : EFT

25.    In or around October/November of 2018, District Manager Jones and Defendants' Sales Representative Jezrale DOE made jokes in front of Plaintiff about one of Defendants' sales representatives, who was a medical leave. Plaintiff heard District Manager Jones and Defendants' Sales Representative Jezrale DOE joking about how the sales representative went to rehab (for substance abuse), and 'We don't even think we can let him go because he is going into rehab.'

26.    In or around November of 2018, District Manager Jones told Plaintiff, 'I just don't know how you can have an injury if you are just sitting at your desk all day.'

27.    In or around December of 2018, and continuing, Plaintiff developed and/or aggravated and/or sustained perceived and/or mental disabilities including, but not limited to, panic attacks, pressure on her chest, shortness of breath and dizziness.

28.    On or about December 18, 2018, Defendants, and each of them, retaliated against and wrongfully terminated Plaintiff for the false and/or exaggerated and/or pretextual reason of not following orders and insubordination.

29.    From October of 2017, and continuing at least until December 18, 2018, and continuing, Defendants and DOES 1 through 100, and each of them, discriminated, harassed, and retaliated against Plaintiff on the basis of Plaintiff's perceived and/or physical and mental disability(s), by the following continuous actions, and conduct, among others:

a.    Failing to determine the extent of Plaintiff's disability(s) and how they could be accommodated;

b.    Failing to take any affirmative steps to inform Plaintiff of any job opportunities within the company;

c.    Failing to consider Plaintiff for and move Plaintiff into openings for which Plaintiff was qualified and could handle subject to Plaintiff's disability(s);

d.    Failing to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations;

e.    On or about December 18, 2018, retaliating against and wrongfully terminating Plaintiff for the false and/or exaggerated and/or pretextual reason of not following orders and insubordination;

6

PLAINTIFF'S COMPLAINT FOR DAMAGES

Ventura Superior Court Accepted through eDelivery submitted 09-15-2020 at 10:37:20 AM

CASE #56-2020-00545334-CU-WT-VTA RECEIPT #: 1200915D33830 DATE PAID : 09/15/20 3:14 PM TOTAL : 435.00 TYPE : EFT

f.  Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably a non-disabled individual(s);

g.  Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff's perceived and/or mental and physical disabilities, as hereinalleged;

h.  Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff requesting and/or taking and/or being entitled to CFRA and/or other lawful medical leave, as hereinalleged;

i.  Failing to rehire and/or reemploy Plaintiff.

30.  The acts and conduct of Defendants, and each of them, as aforesaid, was in violation of California Government Code §12940 et seq.  Said statutes impose certain duties upon Defendants, and each of them, concerning harassment, discrimination and retaliation against persons, such as Plaintiff, on the basis of perceived and/or physical disabilities and the prohibition of perceived and/or physical disability harassment, discrimination and retaliation.  Said statutes were intended to prevent the type of injury and damage herein set forth.  Plaintiff was, at all times material hereto, an employee with a perceived and/or physical disability(s), and within the protected class covered by California Government Code §12940, prohibiting perceived and/or physical disability harassment, discrimination and retaliation in employment.

31.  By the acts and conduct described above, Defendants, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the perceived and/or physical disability harassment, retaliation and discrimination.  The acts of discrimination, retaliation and harassment described herein were sufficiently pervasive so as to alter the conditions of employment, and created an abusive working environment.  When Plaintiff was harassed, discriminated against and retaliated against, Plaintiff's perceived and/or physical disability(s) and/or complaints about the unlawful conduct were a substantial factor motivating and/or motivating reasons in Defendants' conduct.

32.  Plaintiff filed  timely charges and complaints of retaliation, harassment and discrimination in violation of the Family Rights Act with the California Department of Fair

7

1   Employment and Housing pursuant to California Government Code §12965(b), permitting Plaintiff

2   to bring this legal action. Attached hereto and incorporated herein as Exhibit "A" are said

3   Complaints and by reference hereto are made a part hereof.  Attached hereto and incorporated

4   herein as Exhibit "B" are said Right to Sue Notices and by reference hereto are made a part hereof.

5       33.      By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has

6   been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333

7   including, but not limited to, loss of earnings and future earning capacity, medical and related

8   expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary

9   loss not presently ascertained, for which Plaintiff will seek leave of court to amend when

10  ascertained.

11      34.      As a direct and legal result of the acts and omissions of Defendants, and each of

12  them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and

13  externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain,

14  discomfort and anxiety.  The exact nature and extent of said injuries are not known to the plaintiff,

15  who will pray leave of court to insert the same when they are ascertained.  Plaintiff does not at this

16  time know the exact duration or permanence of said injuries, but is informed and believes, and

17  thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

18      35.      As a further legal result of the acts and omissions of the Defendants, and each of

19  them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs

20  during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that

21  she will in the future be forced to incur additional expenses of the same nature, all in an amount

22  which is at present unknown.  Plaintiff will pray leave of court to show the exact amount of said

23  expenses at the time of trial.

24      36.      Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but

25  since said incidents  has been unable to engage fully in Plaintiff's occupation, and is informed and

26  believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's

27  usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount

28  which is at present unascertained.  Plaintiff will pray leave of court to show the total amount of

Ventura Superior Court Accepted through eDelivery submitted 09-15-2020 at 10:37:20 AM

CASE #:56-2020-00545334-CU-WT-VTA RECEIPT #: 1200915D33830 DATE PAID : 09/15/20 3:14 PM TOTAL : 435.00 TYPE : EFT

8.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1   loss of earnings at the time of trial.

2       37.   As a further direct and legal result of the acts and conduct of Defendants, as

3   aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent

4   emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,

5   discomfort and anxiety.  The exact nature and extent of said injuries is presently unknown to

6   plaintiff, who will pray leave of court to assert the same when they are ascertained.

7       38.   Plaintiff has been generally damaged in an amount within the jurisdictional limits of

8   this court.

9       39.   The aforementioned acts of Defendants, and each of them, were wilful, wanton,

10  malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard

11  of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of

12  Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of

13  managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the

14  awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

15      40.   As a result of the discriminatory acts of Defendants, and each of them, as alleged

16  herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically

17  provided in California Government Code § 12965(b).

18                                  II.

19                        SECOND CAUSE OF ACTION

20              (For Perceived and/or Mental Disability

21     Harassment, Discrimination and Retaliation in Employment

22          [California Government Code §12940 et seq.]

23      Against All Defendants and DOES 1 Through 100, Inclusive)

24      41.   Plaintiff incorporates herein by reference Paragraphs 1 through 40 as though set

25  forth in full herein.

26      42.   At all times hereinalleged, Plaintiff had the perceived and/or mental disabilities of

27  anxiety, stress, panic attacks and associated conditions and others.

28  ///

                                    9
                    PLAINTIFF'S COMPLAINT FOR DAMAGES

Ventura Superior Court Accepted through eDelivery submitted 09-15-2020 at 10:37:20 AM

CASE #:56-2020-00545334-CU-WT-VTA RECEIPT #: 120091503383O DATE PAID : 09/15/20 3:14 PM TOTAL : 435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 09-15-2020 at 10:37:20 AM

CASE #:56-2020-00545334-CU-WT-VTA RECEIPT #: 1200915D33830 DATE PAID : 09/15/20 3:14 PM TOTAL : 435.00 TYPE : EFT

43.     Beginning in or around October of 2017, Plaintiff developed and/or aggravated and/or sustained perceived and/or physical disabilities of back and waist injuries, due to Plaintiff's work chair.

44.     Plaintiff placed Defendants, and each of them, on notice of Plaintiff's physical disabilities.

45.     Plaintiff made and/or articulated a Worker's Compensation claim(s).

46.     Plaintiff requested and/or was entitled to and/or was granted CFRA and/or other medical and/or other negotiated leave in order to recuperate and heal.

47.     In or around October of 2017, Plaintiff complained to Defendants, and each of them, about her back injuries and disabilities.

48.     In or around March of 2018, Plaintiff complained to Defendants' Office Manager, Matthew Railey that she was suffering from back pain and believed it was due to her work chair and seating arrangement. Office Manager Railey suggested that Plaintiff buy a new chair from Ross and see if the company would reimburse her for it. Subsequently, Defendants, and each of them, agreed to perform an ergonomic evaluation of Plaintiff's chair and work station, but the evaluation never took place.

49.     Beginning in or around September of 2018, Defendants and each of them, gave Plaintiff the additional duty and responsibility of handling the phone conferences.

50.     Beginning in or around September of 2018, and continuing up until her termination, Plaintiff protested and complained to Defendants' District Manager Darren Jones ("Jones") that she was short staffed, needed more help, her work load was too heavy, and she could not handle the phone conferences on top of all her other duties and responsibilities. Defendants, and each of them, and specifically Defendants' Office Manager Latasha Castellanos merely told Plaintiff to 'just give it her best,' and Defendants, and each of them, did nothing to address and/or investigate Plaintiff's complaints.

51.     In or around August of 2018, and continuing, Plaintiff developed and/or aggravated and/or sustained perceived and/or mental disabilities including, but not limited to, anxiety and depression, and associated conditions and others.

10

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

52.   Plaintiff placed Defendants, and each of them, on notice of Plaintiff's disabilities.

53.   Plaintiff made and/or articulated a Worker's Compensation claim(s).

54.   Plaintiff requested and/or was entitled to and/or was granted CFRA and/or other medical and/or other negotiated leave in order to recuperate and heal.

55.   In or around October/November of 2018, on approximately four occasions, District Manager Jones and Defendants' Sales Representative Jezrale DOE made jokes in front of Plaintiff about how Defendants' Technician Nathaniel Santos was on Workers' Compensation leave, but was 'probably in the Philippines by now drinking a margarita.'

56.   In or around October/November of 2018, District Manager Jones and Defendants' Sales Representative Jezrale DOE made jokes in front of Plaintiff about one of Defendants' sales representatives, who was a medical leave. Plaintiff heard District Manager Jones and Defendants' Sales Representative Jezrale DOE joking about how the sales representative went to rehab (for substance abuse), and 'We don't even think we can let him go because he is going into rehab.'

57.   In or around November of 2018, District Manager Jones told Plaintiff, 'I just don't know how you can have an injury if you are just sitting at your desk all day.'

58.   In or around December of 2018, and continuing, Plaintiff developed and/or aggravated and/or sustained perceived and/or mental disabilities including, but not limited to, panic attacks, pressure on her chest, shortness of breath and dizziness.

59.   On or about December 18, 2018, Defendants, and each of them, retaliated against and wrongfully terminated Plaintiff for the false and/or exaggerated and/or pretextual reason of not following orders and insubordination.

60.   From October of 2017, and continuing at least until December 18, 2018, and continuing, Defendants and DOES 1 through 100, and each of them, discriminated, harassed, and retaliated against Plaintiff on the basis of Plaintiff's perceived and/or physical and mental disability(s), by the following continuous actions, and conduct, among others:

a.   Failing to determine the extent of Plaintiff's disability(s) and how they could be accommodated;

b.   Failing to take any affirmative steps to inform Plaintiff of any job opportunities

11

Ventura Superior Court Accepted through eDelivery submitted 09-15-2020 at 10:37:20 AM

CASE #:56-2020-00545334-CU-WT-VTA RECEIPT #: 1200915D33830 DATE PAID : 09/15/20 3:14 PM TOTAL : 435.00 TYPE : EFT

1       within the company;

2   c.      Failing to consider Plaintiff for and move Plaintiff into openings for which Plaintiff

3           was qualified and could handle subject to Plaintiff's disability(s);

4   d.      Failing to engage in a timely, good faith, interactive process with Plaintiff to

5           determine effective reasonable accommodations;

6   e.      On or about December 18, 2018, retaliating against and wrongfully terminating

7           Plaintiff for the false and/or exaggerated and/or pretextual reason of not following

8           orders and insubordination;

9   f.      Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of

10          them, replaced Plaintiff with and/or kept and/or treated more favorably a non-

11          disabled individual(s);

12  g.      Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff's

13          perceived and/or physical and mental disabilities, as hereinalleged;

14  h.      Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff

15          requesting and/or taking and/or being entitled to CFRA and/or other lawful medical

16          leave, as hereinalleged;

17  i.      Failing to rehire and/or reemploy Plaintiff.

18      61.     The acts and conduct of Defendants, and each of them, as aforesaid, was in

19  violation of California Government Code §12940 et seq. Said statutes impose certain duties upon

20  Defendants, and each of them, concerning harassment, discrimination and retaliation against

21  persons, such as Plaintiff, on the basis of perceived and/or mental disabilities and the prohibition of

22  perceived and/or mental disability harassment, discrimination and retaliation. Said statutes were

23  intended to prevent the type of injury and damage herein set forth. Plaintiff was, at all times

24  material hereto, an employee with a perceived and/or mental disability(s), and within the protected

25  class covered by California Government Code §12940, prohibiting perceived and/or mental

26  disability harassment, discrimination and retaliation in employment.

27      62.     By the acts and conduct described above, Defendants, and each of them, in violation

28  of said statutes, knew about, or should have known about, and failed to investigate and/or properly

12

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

Ventura Superior Court Accepted through eDelivery submitted 09-15-2020 at 10:37:20 AM

CASE #:56-2020-00545334-CU-WT-VTA RECEIPT #: 1200915D33830 DATE PAID : 09/15/20 3:14 PM TOTAL : 435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 09-15-2020 at 10:37:20 AM

1  investigate, prevent or remedy the perceived and/or mental disability harassment, retaliation and
2  discrimination. The acts of discrimination, retaliation and harassment described herein were
3  sufficiently pervasive so as to alter the conditions of employment, and created an abusive working
4  environment. When Plaintiff was harassed, discriminated against and retaliated against, Plaintiff's
5  perceived and/or mental disability(s) and/or complaints about the unlawful conduct were a
6  substantial factor motivating and/or motivating reasons in Defendants' conduct.

7        63.    Plaintiff filed timely charges and complaints of retaliation, harassment and
8  discrimination in violation of the Family Rights Act with the California Department of Fair
9  Employment and Housing pursuant to California Government Code §12965(b), permitting Plaintiff
10 to bring this legal action. Attached hereto and incorporated herein as Exhibit "A" are said
11 Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated
12 herein as Exhibit "B" are said Right to Sue Notices and by reference hereto are made a part hereof.

13       64.    By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has
14 been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333
15 including, but not limited to, loss of earnings and future earning capacity, medical and related
16 expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary
17 loss not presently ascertained, for which Plaintiff will seek leave of court to amend when
18 ascertained.

19       65.    As a direct and legal result of the acts and omissions of Defendants, and each of
20 them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and
21 externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain,
22 discomfort and anxiety. The exact nature and extent of said injuries are not known to the plaintiff,
23 who will pray leave of court to insert the same when they are ascertained. Plaintiff does not at this
24 time know the exact duration or permanence of said injuries, but is informed and believes, and
25 thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

26       66.    As a further legal result of the acts and omissions of the Defendants, and each of
27 them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs
28 during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that

CASE #:56-2020-00545334-CU-WT-VTA RECEIPT #: 1200915033830 DATE PAID : 09/15/20 3:14 PM TOTAL : 435.00 TYPE : EFT

13

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  she will in the future be forced to incur additional expenses of the same nature, all in an amount
2  which is at present unknown.  Plaintiff will pray leave of court to show the exact amount of said
3  expenses at the time of trial.

4       67.     Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but
5  since said incidents  has been unable to engage fully in Plaintiff's occupation, and is informed and
6  believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's
7  usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount
8  which is at present unascertained.  Plaintiff will pray leave of court to show the total amount of
9  loss of earnings at the time of trial.

10       68.     As a further direct and legal result of the acts and conduct of Defendants, as
11  aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent
12  emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,
13  discomfort and anxiety.  The exact nature and extent of said injuries is presently unknown to
14  plaintiff, who will pray leave of court to assert the same when they are ascertained.

15       69.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of
16  this court.

17       70.     The aforementioned acts of Defendants, and each of them, were wilful, wanton,
18  malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard
19  of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of
20  Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of
21  managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the
22  awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

23       71.     As a result of the discriminatory acts of Defendants, and each of them, as alleged
24  herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically
25  provided in California Government Code § 12965(b).

26  / / /
27  / / /
28  / / /

14

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

Ventura Superior Court Accepted through eDelivery submitted 09-15-2020 at 10:37:20 AM

CASE #:56-2020-00545334-CU-WT-VTA RECEIPT #: 1200915D33830 DATE PAID : 09/15/20 3:14 PM TOTAL : 435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 09-15-2020 at 10:37:20 AM

## III.

## THIRD CAUSE OF ACTION

### (For Violation of the Family Rights Act

### [California Government Code § 12945.2]

### Against All Defendants and DOES 1 Through 100, Inclusive)

72.    Plaintiff incorporates herein by reference Paragraphs 1 through 71 as though set forth in full herein.

73.    Plaintiff was an employee of Defendants who qualified for leave due to physical and/or mental disability(s) pursuant to California Government Code §12945.2 et seq.

74.    At all times herein mentioned, Defendants were "Employer[s]" within the definition of Government Code §12945.2, in that Defendants regularly employed 50 or more people and/or adhered and/or abided by CFRA and/or gave their employees equal or greater leave protection than CFRA.

75.    Beginning in or around October of 2017, and continuing at least through December 18, 2018, and continuing, Defendants and DOES 1 through 100, and each of them, interfered with, denied and/or retaliated against Plaintiff for being entitled to and/or requesting and/or taking Plaintiff's Family Rights and Family Care and Medical Leave, by the following actions, among others:

a.    Defendants, and each of them, harassed, discriminated against and retaliated against Plaintiff, as hereinalleged, in the terms and conditions of Plaintiff's employment;

b.    Defendants and each of them, retaliated against Plaintiff because of Plaintiff's entitlement and/or request and/or taking of the right to medical leave in violation of Government Code §12945.2 et seq. by, amongst others, failing to return Plaintiff to work and/or terminating Plaintiff.

76.    By the acts and conduct described above, Defendants, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the retaliation and discrimination in violation of the Family Rights Act. The acts of discrimination described herein were sufficiently pervasive so as to alter the

CASE #:56-2020-00545334-CU-WT-VTA RECEIPT #: 1200915D33830 DATE PAID : 09/15/20 3:14 PM TOTAL : 435.00 TYPE : EFT

15

1  conditions of employment, and created an abusive working environment. Plaintiff's request and/or

2  taking and/or right to take, Family Medical Leave, and/or Plaintiff's complaints about the unlawful

3  conduct were motivating reasons in Defendants' conduct.

4        77.    Plaintiff filed timely charges and complaints of retaliation, harassment and

5  discrimination in violation of the Family Rights Act with the California Department of Fair

6  Employment and Housing pursuant to California Government Code §12965(b), permitting Plaintiff

7  to bring this legal action. Attached hereto and incorporated herein as Exhibit "A" are said

8  Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated

9  herein as Exhibit "B" are said Right to Sue Notices and by reference hereto are made a part hereof.

10      78.    By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has

11  been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333

12  including, but not limited to, loss of earnings and future earning capacity, medical and related

13  expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary

14  loss not presently ascertained, for which Plaintiff will seek leave of court to amend when

15  ascertained.

16      79.    As a direct and legal result of the acts and omissions of Defendants, and each of

17  them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and

18  externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain,

19  discomfort and anxiety. The exact nature and extent of said injuries are not known to the plaintiff,

20  who will pray leave of court to insert the same when they are ascertained. Plaintiff does not at this

21  time know the exact duration or permanence of said injuries, but is informed and believes, and

22  thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

23      80.    As a further legal result of the acts and omissions of the Defendants, and each of

24  them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs

25  during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that

26  she will in the future be forced to incur additional expenses of the same nature, all in an amount

27  which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said

28  expenses at the time of trial.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

Ventura Superior Court Accepted through eDelivery submitted 09-15-2020 at 10:37:20 AM

CASE #:56-2020-00545334-CU-WT-VTA RECEIPT #: 1200915D33830 DATE PAID : 09/15/20 3:14 PM TOTAL : 435.00 TYPE : EFT

.81.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

82.    As a further direct and legal result of the acts and conduct of Defendants, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to plaintiff, who will pray leave of court to assert the same when they are ascertained.

83.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court.

84.    The aforementioned acts of Defendants, and each of them, were wilful, wanton, malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

85.    As a result of the discriminatory acts of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

17

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

Ventura Superior Court Accepted through eDelivery submitted 09-15-2020 at 10:37:20 AM

CASE #:56-2020-00545334-CU-WT-VTA RECEIPT #: 1200915D33830 DATE PAID : 09/15/20 3:14 PM TOTAL : 435.00 TYPE : EFT

# IV.

## FOURTH CAUSE OF ACTION

### (For Retaliation and Wrongful Termination in Violation of Public Policy

### Against Defendants and DOES 1 -100, Inclusive)

86.     Plaintiff incorporates herein by reference Paragraphs 1 through 85 as though set forth in full herein.

87.     At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code §12940 was to prohibit employers from discriminating, harassing, and retaliating against any individual based on perceived and/or physical disability(s).  This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large.  Accordingly, the actions of Defendants, and each of them, in discriminating, retaliating and terminating Plaintiff on the grounds of stated above, or for complaining about such discrimination, retaliation and harassment, was wrongful and in contravention and violation of the express public policy of the State of California, to wit, the policy set forth in California Government Code §12940 et seq., and the laws and regulations promulgated thereunder.

88.     At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code §12940 was to prohibit employers from discriminating, harassing, and retaliating against any individual based on perceived and/or mental disability(s).  This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large.  Accordingly, the actions of Defendants, and each of them, in discriminating, retaliating and terminating Plaintiff on the grounds of stated above, or for complaining about such discrimination, retaliation and harassment, was wrongful and in contravention and violation of the express public policy of the State of California, to wit, the policy set forth in California Government Code §12940 et seq., and the laws and regulations promulgated thereunder.

89.     At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code §12945.2 was to prohibit

Ventura Superior Court Accepted through eDelivery submitted 09-15-2020 at 10:37:20 AM

CASE #:56-2020-00545334-CU-WT-VTA RECEIPT #: 120091503830 DATE PAID : 09/15/20 3:14 PM TOTAL : 435.00 TYPE : EFT

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  employers from discriminating and retaliating against any individual based on their taking,
2  requesting or needing Family Medical Leave.  This public policy of the State of California is
3  designed to protect all employees and to promote the welfare and well-being of the community at
4  large.  Accordingly, the actions of Defendants, and each of them, in discriminating, retaliating and
5  terminating Plaintiff on the grounds of stated above, or for complaining about such discrimination
6  and retaliation, was wrongful and in contravention and violation of the express public policy of the
7  State of California, to wit, the policy set forth in California Government Code §12945.2 et seq.,
8  and the laws and regulations promulgated thereunder.

9      90.    At all times herein mentioned, the public policy of the State of California, as
10  codified, expressed and mandated in California Labor Code §132a was to prohibit employers from
11  discriminating and retaliating against any individual based on their making and/or articulating a
12  Worker's Compensation claim(s).  This public policy of the State of California is designed to
13  protect all employees and to promote the welfare and well-being of the community at large.
14  Accordingly, the actions of Defendants, and each of them, in discriminating, retaliating and
15  terminating Plaintiff on the grounds of stated above, or for complaining about such discrimination
16  and retaliation, was wrongful and in contravention and violation of the express public policy of the
17  State of California, to wit, the policy set forth in California Labor Code §132a et seq., and the laws
18  and regulations promulgated thereunder.

19      91.    By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has
20  been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333
21  including, but not limited to, loss of earnings and future earning capacity, medical and related
22  expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary
23  loss not presently ascertained, for which Plaintiff will seek leave of court to amend when
24  ascertained.

25      92.    As a direct and legal result of the acts and omissions of Defendants, and each of
26  them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and
27  externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain,
28  discomfort and anxiety.  The exact nature and extent of said injuries are not known to the plaintiff,

Ventura Superior Court Accepted through eDelivery submitted 09-15-2020 at 10:37:20 AM

CASE #:56-2020-00545334-CU-WT-VTA RECEIPT #: 1200915D33830 DATE PAID : 09/15/20 3:14 PM TOTAL : 435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 09-15-2020 at 10:37:20 AM

CASE #:56-2020-00545334-CU-WT-VTA RECEIPT #: 1200915D33830 DATE PAID : 09/15/20 3:14 PM TOTAL : 435.00 TYPE : EFT

1  who will pray leave of court to insert the same when they are ascertained. Plaintiff does not at this

2  time know the exact duration or permanence of said injuries, but is informed and believes, and

3  thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

4       93.    As a further legal result of the acts and omissions of the Defendants, and each of

5  them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs

6  during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that

7  she will in the future be forced to incur additional expenses of the same nature, all in an amount

8  which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said

9  expenses at the time of trial.

10       94.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but

11  since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and

12  believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's

13  usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount

14  which is at present unascertained. Plaintiff will pray leave of court to show the total amount of

15  loss of earnings at the time of trial.

16       95.    As a further direct and legal result of the acts and conduct of Defendants, as

17  aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent

18  emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,

19  discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to

20  plaintiff, who will pray leave of court to assert the same when they are ascertained.

21       96.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of

22  this court.

23       97.    The aforementioned acts of Defendants, and each of them, were wilful, wanton,

24  malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard

25  of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of

26  Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of

27  managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the

28  awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

98.     As a result of the discriminatory acts of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Code of Civil Procedure §1021.5.

## V.

## FIFTH CAUSE OF ACTION

### (For Declaratory Relief Against All Defendants and DOES 1 -100, Inclusive)

99.     Plaintiff incorporates herein by reference Paragraphs 1 through 98 as though set forth in full herein.

100.     Depending on the outcome of this lawsuit via dispositive motion and ruling and/or a trial and verdict in this matter, Plaintiff hereby requests this Court issue an affirmative and binding Declaration of Rights and Duties pursuant to the ruling in *Harris v. City of Santa Monica*, (2013) 56 C.4th 203, declaring that Defendants, and each of them, their successors, agents, representatives, employees and all persons who acted alone, or in concert with said Defendants, and each of them, committed acts and conduct of harassment, discrimination, retaliation, or other similar acts including, but not limited to, the violations alleged in all of the relevant Causes of Action herein, and as proved and/or shown at the time of the ruling(s) and or verdict(s), and as prohibited by the Fair Employment and Housing Act, California Government Code §§12900 - 12996, and any other applicable laws, cases, codes, regulations and statutes.

101.     At the time of the request for Declaratory Relief, there exists and/or will exist a present and actual controversy among the parties.

102.     This Complaint, and the relevant causes of action herein, specifically plead an actual, present controversy, and the facts of the respective and underlying claims.

103.     At the time of the request for Declaratory Relief, the facts of this case will have congealed to the point that the Court can determine issues and grant relief through Declaratory Relief and issue a decree of a conclusive character, with the force and effect of a Final Judgment.

104.     As a result of the wrongful acts of Defendants, and each of them, as alleged herein, Plaintiff requests that this Court issue an Order and Ruling permanently enjoining Defendants, and each of them, their successors, agents, representatives, employees and all persons who acted alone,

### PLAINTIFF'S COMPLAINT FOR DAMAGES

Ventura Superior Court Accepted through eDelivery submitted 09-15-2020 at 10:37:20 AM

CASE #:56-2020-00545334-CU-WT-VTA RECEIPT #: 1200915D33830 DATE PAID : 09/15/20 3:14 PM TOTAL : 435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 09-15-2020 at 10:37:20 AM

CASE #:56-2020-00545334-CU-WT-VTA RECEIPT #: 1200915033830 DATE PAID : 09/15/20 3:14 PM TOTAL : 435.00 TYPE : EFT

1   or in concert with said Defendants, and each of them, from committing acts and conduct of

2   harassment, discrimination, retaliation, or other similar acts including, but not limited to, the

3   violations alleged in all of the relevant Causes of Action herein, and as proved and/or shown at the

4   time of the ruling(s) and or verdict(s), and as prohibited by the Fair Employment and Housing Act,

5   California Government Code §§12900 - 12996, and any other applicable laws, cases, codes,

6   regulations and statutes.

7        105.    As a result of the wrongful conduct of Defendants, and each of them, as alleged

8   herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically

9   provided in California Government Code § 12965(b) and as specifically mentioned in *Harris  v.*

10  *City of Santa Monica*, (2013) 56 C.4th 203.

11       **WHEREFORE**, Plaintiff **ANTELMA CHAVEZ**, prays for judgment against the

12  Defendants, and each of them, as follows:

13       1.    For general damages in an amount within the jurisdictional limits of this

14             Court;

15       2.    For medical expenses and related items of expense, according to proof;

16       3.    For loss of earnings, according to proof;

17       4.    For loss of earning capacity, according to proof;

18       5.    For reasonable attorneys' fees and costs of said suit as specifically provided

19             in California Government Code §12965 (b), according to proof;

20       6.    For a permanent injunction against Defendants, and each of them, their

21             successors, agents, representatives, employees and all persons who acted

22             alone, or in concert with said Defendants, and each of them, from

23             committing acts and conduct of harassment, discrimination, retaliation, or

24             other similar acts including, but not limited to, the violations alleged in all of

25             the relevant Causes of Action herein, and as proved and/or shown at the time

26             of the ruling(s) and or verdict(s), and as prohibited by the Fair Employment

27             and Housing Act, California Government Code §§12900 - 12996, and any

28             other applicable laws, cases, codes, regulations and statutes;

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

Ventura Superior Court Accepted through eDelivery submitted 09-15-2020 at 10:37:20 AM

CASE #:56-2020-00545334-CU-WT-VTA RECEIPT #: 1200915D33830 DATE PAID : 09/15/20 3:14 PM TOTAL : 435.00 TYPE : EFT

7.   For reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b) and as specifically mentioned in *Harris v. City of Santa Monica*, (2013) 56 C.4th 203;

8.   For prejudgment interest according to proof;

9.   For punitive and exemplary damages, according to proof;

10.  For costs of suit incurred herein; and

11.  For such other and further relief as the court may deem just and proper.

Dated: September 14, 2020

MANCINI & ASSOCIATES
A Professional Law Corporation

By: _____
TARA J. LICATA, ESQ.
Attorneys for Plaintiff
**ANTELMA CHAVEZ**

## DEMAND FOR JURY TRIAL

Plaintiff **ANTELMA CHAVEZ** hereby demands trial by jury.

Dated: September 14, 2020

MANCINI & ASSOCIATES
A Professional Law Corporation

By: _____
TARA J. LICATA, ESQ.
Attorneys for Plaintiff
**ANTELMA CHAVEZ**

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

Ventura Superior Court Accepted through eDelivery submitted 09-15-2020 at 10:37:20 AM

CASE #:56-2020-00545334-CU-WT-VTA RECEIPT #: 1200915D33830 DATE PAID : 09/15/20 3:14 PM TOTAL : 435.00 TYPE : EFT

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

In the Matter of the Complaint of
ANTELMA CHAVEZ                                    DFEH No. 201908-07103905

                          Complainant,

vs.

LINCARE, INC.
1851 Holser Walk, #215
Oxnard, California 93036

LINDE
1851 Holser Walk #215
Oxnard, California 93036

LINCARE HOLDINGS INC.
1851 Holser Walk #215
Oxnard, California 93036

                          Respondents

_____

1. Respondent **LINCARE, INC.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **ANTELMA CHAVEZ**, resides in the City of **Sherman Oaks** State of **California.**

3. Complainant alleges that on or about **December 18, 2018**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), other.

**Complainant was discriminated against** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), other and as a result of the discrimination was terminated, denied hire or promotion, reprimanded, asked impermissible non-job-related questions, denied any

-1-
*Complaint – DFEH No. 201908-07103905*

Date Filed: August 5, 2019

1  employment benefit or privilege, denied reasonable accommodation for a disability,
   denied family care or medical leave (cfra) (employers of 50 or more people), other,
2  denied work opportunities or assignments, denied or forced to transfer.

3  **Complainant experienced retaliation** because complainant reported or resisted
4  any form of discrimination or harassment, requested or used a disability-related
   accommodation, participated as a witness in a discrimination or harassment
5  complaint, requested or used leave under the california family rights act or fmla
6  (employers of 50 or more people) and as a result was terminated, denied hire or
   promotion, reprimanded, asked impermissible non-job-related questions, denied any
7  employment benefit or privilege, denied reasonable accommodation for a disability,
   denied family care or medical leave (cfra) (employers of 50 or more people), other,
8  denied or forced to transfer.

9
10 **Additional Complaint Details:** From 11/2017, and continuing at least through
   12/18/18, and continuing, I was harassed, discriminated against and retaliated
11 against based on my perceived and/or physical disability(s) (neck injuries; back
   injuries; bilateral shoulder injuries; bilateral wrist injuries; associated conditions;
12 others) and my perceived and/or mental disability(s) (anxiety;depression; panic
   disorder; associated conditions;others).
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-2-

Date Filed: August 5, 2019

Ventura Superior Court Accepted through eDelivery submitted 09-15-2020 at 10:37:20 AM

CASE #:56-2020-00545334-CU-WT-VTA RECEIPT #: 1200915D33830 DATE PAID : 09/15/20 3:14 PM TOTAL : 435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 09-15-2020 at 10:37:20 AM

CASE #:56-2020-00545334-CU-WT-VTA RECEIPT #: 12009150D33830 DATE PAID : 09/15/20 3:14 PM TOTAL : 435.00 TYPE : EFT

VERIFICATION

I, **Marcus A. Mancini, Esq.**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On August 5, 2019, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Sherman Oaks, CA**

Date Filed: August 5, 2019

Ventura Superior Court Accepted through eDelivery submitted 09-15-2020 at 10:37:20 AM

CASE #:56-2020-00545334-CU-WT-VTA RECEIPT #: 1200915D33830 DATE PAID : 09/15/20 3:14 PM TOTAL : 435.00 TYPE : EFT

# EXHIBIT "B"



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

August 5, 2019

ANTELMA CHAVEZ
c/o Mancini & Associates 15303 Ventura Boulevard Suite 600
Sherman Oaks, California 91403

RE:   **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 201908-07103905
Right to Sue: CHAVEZ / LINCARE, INC. et al.

Dear ANTELMA CHAVEZ,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective August 5, 2019 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Tara Licata, Esq.          SBN: 266111<br>MANCINI & ASSOCIATES<br>15303 Ventura Boulevard, Suite 600, Sherman Oaks, CA 91403<br>TELEPHONE NO.: (818) 783-5757   FAX NO.: (818) 783-7710<br>ATTORNEY FOR *(Name):* Antelma Chavez | **Electronically**<br>**FILED**<br>by Superior Court of California,<br>County of Ventura<br>**09/15/2020**<br>MICHAEL D. PLANET<br>Executive Officer and Clerk<br>*Susanne Leon*<br>Susanne Leon<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA
STREET ADDRESS: 800 South Victoria Avenue
MAILING ADDRESS: 800 South Victoria Avenue
CITY AND ZIP CODE: Ventura, 93009
BRANCH NAME: Ventura Hall of Justice

CASE NAME: Chavez v. Lincare, Inc., et al.,

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>56-2020-00545334-CU-WT-VTA |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [X] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* Five (5)
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 14, 2020

Tara Licata, Esq.
_____
(TYPE OR PRINT NAME)

*Tara Licata*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder

Ventura Superior Court Accepted through eDelivery submitted 09-15-2020 at 10:37:20 AM

Ventura Superior Court Accepted through eDelivery submitted 09-15-2020 at 10:37:20 AM

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                                CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
      Damage/Wrongful Death
  Uninsured Motorist (46) (*if the
      case involves an uninsured
      motorist claim subject to
      arbitration, check this item
      instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
      Asbestos Property Damage
      Asbestos Personal Injury/
          Wrongful Death
  Product Liability (*not asbestos or
      toxic/environmental*) (24)
  Medical Malpractice (45)
      Medical Malpractice–
          Physicians & Surgeons
      Other Professional Health Care
          Malpractice
  Other PI/PD/WD (23)
      Premises Liability (e.g., slip
          and fall)
      Intentional Bodily Injury/PD/WD
          (e.g., assault, vandalism)
      Intentional Infliction of
          Emotional Distress
      Negligent Infliction of
          Emotional Distress
      Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
      Practice (07)
  Civil Rights (e.g., discrimination,
      false arrest) (*not civil
      harassment*) (08)
  Defamation (e.g., slander, libel)
      (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
      Legal Malpractice
      Other Professional Malpractice
          (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
      Breach of Rental/Lease
          Contract (*not unlawful detainer
          or wrongful eviction*)
      Contract/Warranty Breach–Seller
          Plaintiff (*not fraud or negligence*)
      Negligent Breach of Contract/
          Warranty
      Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
      book accounts) (09)
      Collection Case–Seller Plaintiff
      Other Promissory Note/Collections
          Case
  Insurance Coverage (*not provisionally
      complex*) (18)
      Auto Subrogation
      Other Coverage
  Other Contract (37)
      Contractual Fraud
      Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
      Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
      Writ of Possession of Real Property
      Mortgage Foreclosure
      Quiet Title
      Other Real Property (*not eminent
      domain, landlord/tenant, or
      foreclosure*)
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal
      drugs, check this item; otherwise,
      report as Commercial or Residential*)
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
      Writ–Administrative Mandamus
      Writ–Mandamus on Limited Court
          Case Matter
      Writ–Other Limited Court Case
          Review
  Other Judicial Review (39)
      Review of Health Officer Order
      Notice of Appeal–Labor
          Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
      (*arising from provisionally complex
      case type listed above*) (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
      Abstract of Judgment (Out of
          County)
      Confession of Judgment (*non-
          domestic relations*)
      Sister State Judgment
      Administrative Agency Award
          (*not unpaid taxes*)
      Petition/Certification of Entry of
          Judgment on Unpaid Taxes
      Other Enforcement of Judgment
          Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified
      above*) (42)
      Declaratory Relief Only
      Injunctive Relief Only (*non-
          harassment*)
      Mechanics Lien
      Other Commercial Complaint
          Case (*non-tort/non-complex*)
      Other Civil Complaint
          (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
  Partnership and Corporate
      Governance (21)
  Other Petition (*not specified
      above*) (43)
      Civil Harassment
      Workplace Violence
      Elder/Dependent Adult
          Abuse
      Election Contest
      Petition for Name Change
      Petition for Relief From Late
          Claim
      Other Civil Petition

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF VENTURA

800 South Victoria Avenue
Ventura , CA 93009
(805) 289-8525
WWW.VENTURA.COURTS.CA.GOV

## NOTICE OF CASE ASSIGNMENT AND MANDATORY APPEARANCE

Case Number: 56-2020-00545334-CU-WT-VTA

Your case has been assigned for all purposes to the judicial officer indicated below.

A copy of this Notice of Case Assignment and Mandatory Appearance shall be served by the filing party on all named Defendants/Respondents with the Complaint or Petition, and with any Cross-Complaint or Complaint in Intervention that names a new party to the underlying action.

| ASSIGNED JUDICIAL OFFICER | COURT LOCATION | DEPT/ROOM |
|---|---|---|
| Hon. Mark Borrell | Ventura | 40 |

| HEARING | MANDATORY APPEARANCE CMC/Order to Show Cause Re Sanctions/Dismissal for Failure to File Proof of Service/Default | |
|---|---|---|

| EVENT DATE | EVENT TIME | EVENT DEPT/ROOM |
|---|---|---|
| 06/30/2021 | 08:15 AM | 22B |

## SCHEDULING INFORMATION

**Judicial Scheduling Information**

**APPEARANCE AT THE ABOVE HEARING IS MANDATORY.**
**Each party must file a Case Management Statement no later than 15 calendar days prior to the hearing and serve it on all parties. If your Case Management Statement is untimely, it may NOT be considered by the court (CRC 3.725).**
**If proof of service and/or request for entry of default have not been filed: At the above hearing you are ordered to show cause why you should not be compelled to pay sanctions and/or why your case should not be dismissed (CCP 177.5, Local Rule 3.17).**

**Advance Jury Fee Requirement**
At least one party demanding a jury trial on each side of a civil case must pay a non-refundable jury fee of $150. The non-refundable jury fee must be paid timely pursuant to Code of Civil Procedure section 631.

**Noticed Motions/Ex Parte Matters**
To set an ex parte hearing, contact the judicial secretary in the assigned department. Contact the clerk's office to reserve a date for a law and motion matter.

**Telephonic Appearance**
Telephonic appearance at the Case Management Conference is permitted pursuant to CRC 3.670. In addition, see Local Rule 7.01 regarding notice to the teleconference provider. The court, through the teleconference provider, will contact all parties and counsel prior to the hearing.

Date: 09/15/2020

Clerk of the Court,
By: _Susanne Leon_
Susanne Leon, Clerk

VEN-FNR092

**NOTICE OF CASE ASSIGNMENT AND MANDATORY APPEARANCE**

Ventura Superior Court Accepted through eDelivery submitted 09-15-2020 at 10:37:20 AM

VN015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | | Telephone Number | FOR COURT USE ONLY |
|---|---|---|---|

Tara Licata, Esq.   SBN: 266114   (818) 783-5757
MANCINI & ASSOCIATES   fax: (818) 783-7710
15303 Ventura Boulevard, Suite 600, Sherman Oaks, CA 91403
e-mail:
ATTORNEY FOR (Name): Antelma Chavez

SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA

[X] 800 SOUTH VICTORIA AVE. VENTURA, CA 93009.

[ ] 3855 – F ALAMO ST. SIMI VALLEY, CA 93063-2110

[ ] 4353 VINEYARD AVE., OXNARD, CA 93036

PLAINTIFF/PETITIONER ANTELMA CHAVEZ
DEFENDANT/RESPONDENT LINCARE, INC., et al

**VENTURA
SUPERIOR COURT
FILED**

**SEP 1 8 2020**

MICHAEL D. PLANET
Executive Officer and Clerk
BY: _____, Deputy
**VANESSA OROZCO**

| **CERTIFICATE RE:<br>DISQUALIFICATION OF JUDGE<br>(CCP 170.6)** | CASE NUMBER:<br>56-2020-00545334-CU-WT-VTA- |
|---|---|

I am the attorney for the Plaintiff, ANTELMA CHAVEZ

in the within action.

Mark Borrell _____, the Judge before whom the trial of said

action is pending is prejudiced against the interest of the Plaintiff _____

so that I believe a fair and impartial trial of said action cannot be had before said Judge.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on September 17, 2020 _____ at Sherman Oaks _____, California.

_Tara Licata_
Signature of Certifying Party

**CERTIFICATE RE:
DISQUALIFICATION OF JUDGE
(CCP 170.6)**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 800 South Victoria Avenue<br>MAILING ADDRESS: 800 South Victoria Avenue<br>CITY AND ZIP CODE: Ventura, CA 93009<br>BRANCH NAME:    Ventura | *VENTURA SUPERIOR COURT*<br># FILED<br>Michael D. Planet<br>Executive Officer and Clerk |
| PLAINTIFF/PETITIONER:  Antelma Chavez<br><br>DEFENDANT/RESPONDENT:  Lincare Inc et.al. | |
| Chavez vs Lincare Inc | |
| In re the    ☐Conservatorship    ☐ Guardianship    ☐ Estate    ☐ Trust of: | **09/22/2020** |
| **NOTICE OF REASSIGNMENT OF JUDICIAL OFFICER<br>AND CHANGE OF HEARING LOCATION** | CASE NUMBER:<br>56-2020-00545334-CU-WT-VTA |

**Case Initiation Date:**    09/15/2020

**Effective immediately, the above-entitled case has been reassigned to Judge Matthew Guasco in Department 20 due to the following reason: 170.6.**


In Civil actions: All counsel and parties in pro per are advised that Division II of the Superior Court Rules is strictly enforced.  It is the duty of each plaintiff (and cross-complainant) to serve a copy of this notice with the complaint (and cross-complaint).

UNLESS NOTIFIED OTHERWISE, ALL PENDING DATES CURRENTLY SCHEDULED IN THIS CASE WILL REMAIN ON THE SAME DATE AND TIME IN THE NEW DEPARTMENT.

Clerk of the Court,

Dated:_____09/22/2020_____        By: _____

Denise  Arreola, Clerk

**NOTICE OF REASSIGNMENT OF JUDICIAL OFFICER<br>AND CHANGE OF HEARING LOCATION**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA

| SHORT TITLE:<br><br>Chavez vs Lincare Inc | CASE NUMBER:<br><br>56-2020-00545334-CU-WT-VTA |
|---|---|

### CLERK'S CERTIFICATE OF MAILING

I certify that I am not a party to this cause. I certify that a true copy of the **NOTICE OF REASSIGNMENT OF JUDICIAL OFFICER AND CHANGE OF HEARING LOCATION** was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at Ventura, California, on 09/23/2020.

Clerk of the Court,

By: _____

Denise Arreola, Clerk

TARA J LICATA
15303 VENTURA BOULEVARD
# 600
SHERMAN OAKS, CA 91403

VEN-FNR081

Page: 2

### NOTICE OF REASSIGNMENT OF JUDICIAL OFFICER
### AND CHANGE OF HEARING LOCATION

**EXHIBIT 2**

Brian F. Van Vleck (SBN 155250)
Daniel J. Turner (SBN 207654)
VAN VLECK & TURNER LLP
5757 Wilshire Boulevard, Suite 535
Los Angeles, CA 90036
Tel: (323) 920-0250
Fax: (323) 920-0249

Attorneys for Defendant
Lincare Inc.

Electronically
**FILED**
by Superior Court of California
County of Ventura
**11/04/2020**
MICHAEL D. PLANET
Executive Officer and Clerk
Joan Foster
Joan Foster
Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA

## FOR THE COUNTY OF VENTURA

| | |
|---|---|
| ANTELMA CHAVEZ, an individual, | Case No.: 56-2020-00545334-CU-WT-VTA |
|     Plaintiff, | |
| vs. | |
| LINCARE INC., et al., LINCARE HOLDINGS INC., LINDCARE A LINDE COMPANY; LINDE and DOES 1 through 100, inclusive, | **DEFENDANT LINCARE INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |
|     Defendants. | |

Case No.: 56-2020-00545334-CU-WT-VTA

Ventura Superior Court Accepted through eDelivery submitted 11-04-2020 at 12:54:33 PM

CASE #:56-2020-00545334-CU-WT-VTA RECEIPT #: 1201104D384454 DATE PAID : 11/4/20 1:35 PM TOTAL : 435.00 TYPE : EFT

Defendant Lincare Inc. ("Lincare") hereby answers the unverified Complaint of Plaintiff Antelma Chavez ("Plaintiff"), as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies, generally and specifically, each and every allegation in Plaintiff's Complaint.  Defendant further denies, generally and specifically, that Plaintiff has been damaged in any sum, or at all, by reason of any acts or omissions on the part of Defendant, including any of Lincare's officers, directors, employees or agents.

## AFFIRMATIVE DEFENSES

Defendant states the following separate affirmative defenses to Plaintiff's Complaint:[1]

### FIRST AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

1.      Each of the alleged causes of action are barred, in whole or in part, because Plaintiff failed to exhaust her administrative remedies and failed to comply with the statutory prerequisites to bring suit contained in the California Fair Employment & Housing Act, California Government Code Section 12940 et. seq.

### SECOND AFFIRMATIVE DEFENSE

(Exclusivity of Workers' Compensation)

2.      Plaintiff is not entitled to recover any compensatory or other monetary damages from Defendant for any alleged vexation, injury or annoyance, or physical, mental or emotional distress or discomfort, on the grounds that Plaintiff's exclusive remedy for such alleged injuries arises under the California Workers' Compensation Act, and exclusive jurisdiction over such claims is vested in the California Workers' Compensation Board, California Labor Code Section 3600 et. seq.

---

[1]  Defendant reserves the right to supplement its affirmative defenses if additional facts supporting a particular affirmative defense are discovered in the course of this action.

Ventura Superior Court Accepted through eDelivery submitted 11-04-2020 at 12:54:33 PM

CASE #:56-2020-00545334-CU-WT-VTA RECEIPT #: 1201104D384454 DATE PAID : 11/4/20 1:35 PM TOTAL : 435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 11-04-2020 at 12:54:33 PM

CASE #:56-2020-00545334-CU-WT-VTA RECEIPT #: 1201104D38454 DATE PAID : 11/4/20 1:35 PM TOTAL : 435.00 TYPE : EFT

## THIRD AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

3.     Defendant is informed and believes and thereupon alleges that, with respect to each of the causes of action in the Complaint, Plaintiff has failed to mitigate her damages, and to the extent of such failure to mitigate, any damages awarded to Plaintiff should be reduced accordingly.

## FOURTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

4.     All or some of the alleged causes of action are barred, in whole or part, by the applicable statutes of limitations, including without limitation, the timeliness provisions of California Code of Civil Procedure Sections 338, 339, 335.1, 340 and California Government Code Sections 12960 and 12965 et. seq.

## FIFTH AFFIRMATIVE DEFENSE

(Failure to Utilize Complaint Procedures)

5.     Plaintiff's claims are barred, in whole or in part, because Plaintiff unreasonably failed to take advantage of corrective opportunities offered by Lincare, which at all times took reasonable care to prevent the alleged discrimination, harassment, and the other alleged wrongs in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

(Estoppel)

6.     Plaintiff's Complaint is barred, in whole or in part, by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

7.     Plaintiff's Complaint is barred, in whole or in part, by the doctrine of unclean hands.

Case No.: 56-2020-00545334-CU-WT-VTA          3

ANSWER TO COMPLAINT

Ventura Superior Court Accepted through eDelivery submitted 11-04-2020 at 12:54:33 PM

CASE #:56-2020-00545334-CU-WT-VTA RECEIPT #: 1201104D38454 DATE PAID : 11/4/20 1:35 PM TOTAL : 435.00 TYPE : EFT

## EIGHTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences Doctrine)

8.    Plaintiff's claims for monetary relief are barred, in whole or in part, on the basis of the avoidable consequences doctrine.

## NINTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

9.    Plaintiff's claims are barred in whole or in part and/or Plaintiff's request for damages must be reduced by virtue of the after-acquired evidence doctrine.

## TENTH AFFIRMATIVE DEFENSE

### (Laches)

10.    The Complaint and each purported cause of action contained therein are barred by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Protected Activity)

11.    Plaintiff's claims are barred in whole or in part because Plaintiff did not engage in protected activity.

## TWELFTH AFFIRMATIVE DEFENSE

### (Waiver)

12.    Plaintiff's alleged causes of action are barred, in whole or in part, by the doctrine of waiver.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

13.    At all times throughout Plaintiff's employment with Lincare, Lincare has acted in good faith and with a reasonable belief that it was in compliance with all of the applicable laws and regulations of the State of California.

Case No.: 56-2020-00545334-CU-WT-VTA                    4

ANSWER TO COMPLAINT

Ventura Superior Court Accepted through eDelivery submitted 11-04-2020 at 12:54:33 PM

CASE #:56-2020-00545334-CU-WT-VTA RECEIPT #: 1201104D384564 DATE PAID : 11/4/20 1:35 PM TOTAL : 435.00 TYPE : EFT

## FOURTEENTH AFFIRMATIVE DEFENSE

(Offset)

14.     If it is determined that Defendant owes monetary damages to Plaintiff, Defendant is entitled to an offset of any money that Defendant has paid to Plaintiff, or any other compensation paid to Plaintiff, including workers' compensation benefits, disability benefits, social security payments, and/or unemployment compensation.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Lack of Ratification)

15.     Defendant is not liable for Plaintiff's alleged damages because, if any person engaged in intentional, willful, or unlawful conduct as alleged in the Complaint, he or she did so without the knowledge, authorization, or ratification of Lincare.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Legitimate Business Reason)

16.     All decisions made with respect to Plaintiff's employment with Lincare were reasonable, were based on legitimate, non-discriminatory reasons, and were made for proper, business-related reasons which were neither arbitrary, capricious nor unlawful.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action Upon Which Relief Can Be Granted)

17.     Plaintiff's Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute any cause of action upon which relief can be granted.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(No Entitlement to Exemplary or Punitive Damages)

18.     Plaintiff is precluded from recovering exemplary and/or punitive damages from Defendant, in whole or in part, under the applicable provisions of the law, including but not limited to the California and United States Constitutions and Section 3294 of the California Civil Code.  Moreover, Lincare did not (a) authorize or ratify and wrongful conduct, or (b) have advance knowledge of the unfitness of any employee and/or employ that employee with

Ventura Superior Court Accepted through eDelivery submitted 11-04-2020 at 12:54:33 PM

1    conscious disregard of the rights and safety of others.

2    ### NINTEENTH AFFIRMATIVE DEFENSE

3    (Arbitration/Arbitration Agreement)

4         19.    Plaintiff's claims are barred to the extent that she agreed to arbitrate her claims on

5    an individual basis during her employment.  Therefore, Plaintiff must proceed in arbitration as

6    set forth in the arbitration agreement she executed.

7    ### TWENTIETH AFFIRMATIVE DEFENSE

8    (Not a Qualified Individual)

9         20.    Plaintiff's statutory claim for disability discrimination is barred because Plaintiff

10   was not a qualified individual with a disability.

11   ### TWENTY-FIRST AFFIRMATIVE DEFENSE

12   (Undue Hardship)

13        21.    Any accommodations alleged sought by Plaintiff for her alleged

14   disability/medical condition would have imposed an undue hardship on Defendant.

15   ### TWENTY-SECOND AFFIRMATIVE DEFENSE

16   (No Reasonable Accommodation)

17        22.    Plaintiff was unable to perform the essential job duties and functions of his

18   position with or without a reasonable accommodation.

19   ### TWENTY-THIRD AFFIRMATIVE DEFENSE

20   (Reasonable Exchange Regarding Accommodation)

21        23.    To the extent Plaintiff claims the Defendant failed to accommodate an alleged

22   disability, those claims are barred in whole or in part, by Plaintiff's failure and refusal to enter

23   into a reasonable exchange with Defendant to discuss accommodations.

24   ### TWENTY-FOURTH AFFIRMATIVE DEFENSE

25   (Interactive Process and Accommodation Provided)

26        24.    Defendant alleges that it provided Plaintiff with an interactive process and with all

27   reasonable accommodations as were required by law.

28   Case No.: 56-2020-00545334-CU-WT-VTA              6
     ANSWER TO COMPLAINT

CASE #:56-2020-00545334-CU-WT-VTA RECEIPT #: 1201104D384454 DATE PAID :: 11/4/20 1:35 PM TOTAL : 435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 11-04-2020 at 12:54:33 PM

CASE #:56-2020-00545334-CU-WT-VTA RECEIPT #: 12011104D384454 DATE PAID : 11/4/20 1:35 PM TOTAL : 435.00 TYPE : EFT

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Prevention)

25.     Defendant alleges that it took all reasonable and necessary steps to prevent and halt any discrimination, retaliation, and/or other unlawful conduct, as alleged in the Complaint, from occurring.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Beyond the Scope of the Administrative Charge)

26.     To the extent Plaintiffs assert claims under the Fair Employment and Housing Act in their Complaint that were not made the subject of a timely complaint filed with the Department of Fair Employment and Housing as required by Government Code section 12965, the Court lacks jurisdiction with respect to these claims.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Release)

27.     Plaintiff has previously released some or all of the claims contained in the Complaint against Defendant.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

28.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery or investigation indicates that they would be appropriate.

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.     That judgment be entered in favor of Defendant and against Plaintiff;

2.     That the Complaint herein be dismissed in its entirety with prejudice;

3.     That Defendant be awarded their costs of suit herein;

4.     That Defendant be awarded reasonable attorneys' fees; and

5.      For such other relief as the Court may deem just and proper.

Dated:  November 4, 2020                    THE VAN VLECK LAW FIRM, LLP

By: _____
        Daniel J. Turner
        Attorneys for Lincare Inc.

Ventura Superior Court Accepted through eDelivery submitted 11-04-2020 at 12:54:33 PM

CASE #:56-2020-00545334-CU-WT-VTA RECEIPT #: 1201104D38454 DATE PAID : 11/4/20 1:35 PM TOTAL : 435.00 TYPE : EFT

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

I, the undersigned, declare that I am employed in the aforesaid County, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 5757 Wilshire Blvd., Suite 535, Los Angeles, California 90036.  On November 4, 2020, I served upon the interested party(ies) in this action the following document described as: **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

>       Tara J. Licata, Esq.
>       Alex Hadjian, Esq.
>       MANCINI & ASSOCIATES
>       15303 Ventura Boulevard, Suite 600
>       Sherman Oaks, CA  91403
>
>       *Attorneys for Plaintiff Antelma Chavez*

By the following methods:

[X] [BY MAIL] By placing such envelope(s) with postage thereon fully prepaid into The Van Vleck Law Firm, LLP's interoffice mail for collection and mailing pursuant to ordinary business practice.  I am familiar with the office practice of the Van Vleck Law Firm, LLP for collecting and processing mail with the United States Postal Service, which practice is that when mail is deposited with The Van Vleck Law Firm, LLP personnel responsible for depositing mail with the United States Postal Service, such mail is deposited that same day in a post box, mailbox, sub-post office, substation, mail chute, or other like facility regularly maintained by the United States Postal Service in Los Angeles, California.

[ ] [BY E-MAIL] I hereby certify that this document was served from Los Angeles, California by e-mail delivery on the party(ies) listed herein at their most recent known e-mail address(es) or e-mail address(es) of record in this action.

[ ] [BY FACSIMILE] By transmitting a true and correct copy of the document described above by facsimile machine, number (323) 592-3506, to the person(s) stated above at the facsimile number(s) indicated.  The transmission was reported as complete without any error by a transmission report issued by the facsimile machine upon which the said transmission was made immediately following the transmission.

[ ] [BY OVERNIGHT COURIER] By placing such sealed envelope(s) into the FedEx Delivery Services box located at 5500 Wilshire Boulevard, Los Angeles, CA 90036

[ ] [BY HAND DELIVERY] I, the undersigned, declare that I am employed in the aforesaid County, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 5757 Wilshire Boulevard, Suite 535, Los Angeles, CA 90036.  I caused to be personally delivered this day a true and correct copy of the documents described above to the attorney(s) stated above.

[X] [STATE] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[ ] [FEDERAL] I declare that I am employed in the office of a member of the Bar of or permitted to practice before this Court at whose direction this service was made.

Executed on November 4, 2020, at Los Angeles, California.

_____                    _____
       Michael Kost                                     *(Signature)*
    (Type or print name)

Case No.: 56-2020-00545334-CU-WT-VTA

Ventura Superior Court Accepted through eDelivery submitted 11-04-2020 at 12:54:33 PM

CASE #:56-2020-00545334-CU-WT-VTA RECEIPT #: 1201104D384454 DATE PAID : 11/4/20 1:35 PM TOTAL : 435.00 TYPE : EFT